**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEPHEN EGBENGWU, | No. 15-70893 |
| Petitioner, | Agency No. A206-265-068 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Stephen Egbengwu, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo due process contentions, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

The IJ denied Egbengwu's asylum and withholding of removal claims based on an adverse credibility determination and denied his CAT claim on the merits. We lack jurisdiction to review any challenges he now raises as to the IJ's findings because Egbengwu did not exhaust them before the BIA. *See Barron v. Ashcroft* 358 F.3d 674, 677-78 (9th Cir. 2004); *see also Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (challenging the IJ's decision generally before the BIA does not satisfy the exhaustion requirement).

We deny Egbengwu's due process contention because he did not establish that the BIA erred in rejecting his request for an extension of time based on his failure to provide a signature or proof of service with that submission. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We treat Egbengwu's Motion to Show One's Witnesses as a request for judicial notice, and deny it. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en

banc) (the court's review is limited to the administrative record). We similarly deny Egbengwu's Motion to Supplement. *See id.* To the extent that Egbengwu requests that this court reopen his case, we deny the request, as any motion to reopen should be filed with the BIA, not with this court. *See* 8 C.F.R. § 1003.2. To the extent that Egbengwu challenges the BIA's denial of his motions to reopen, we lack jurisdiction because he did not file a petition for review of those decisions. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**